TJOFLAT, Circuit Judge,
dissenting:
The majority construe Count I of Ms. Brinson’s complaint as merely “seeking] an order declaring the statute authorizing Georgia’s private-probation system, O.C.G.A. § 42-8-101(a)(l), unconstitutional” and “seeking] a declaration that the Services Agreement is void for not having been properly approved or re-approved by Wayne County and the Wayne County State Court.” Ante at 3. Count I does as the majority say, but Ms. Brinson also alleges in Count I two additional claims for relief the majority disregard. First, in Count I, Ms. Brinson seeks a declaration that the state court infringed her rights under the U.S. Constitution[1] by requiring her to pay fees to Providence and then revoking her probation and imprisoning her for failing to pay the fees. Second, as “such other and further relief as is just and equitable,” she seeks a money judgment for the fees she paid.
As the majority fail to acknowledge these claims in Count I, they fail to recognize that such claims clearly do not fail due to mootness or lack of- standing regardless of whether the Services Agreement was terminated before Ms. Brinson filed her *879 complaint and regardless of whether Providence no longer provides probation services in Wayne County. I trust that the District Court on remand will quickly see what the majority does not and will question, as I do, why this Court felt that remanding was an appropriate use of judicial resources.
Having addressed the threshold jurisdictional issue, I would proceed to the merits. The sine qua non of Ms. Brinson’s claims is her indigent status. In Bearden v. Georgia, 461 U.S. 660, 672-73, 103 S.Ct. 2064, 2073, 76 L.Ed. 2d 221 (1983), the Supreme Court held that revoking an indigent defendant’s probation for failure to pay fines or restitution violates due process rights protected by the Fourteenth Amendment.[2] I see no meaningful distinction between fines and restitution on the one hand and fees for probation services on the other.
Under this precedent, the court’s imposition of the probation fees did not injure Ms. Brinson until the court revoked her probation and imprisoned her for failing to pay the fees. At that point, she had a remedy. She could have appealed the revocation and resulting imprisonment.[3] She did not appeal, however. Consequently, the court’s actions — in imposing the fees provision at sentencing and, subsequently, in revoking her probation and sentencing her to imprisonment — remain undisturbed. In other words, the law considers the court’s actions lawful.
The Supreme Court, in Heck v. Humphrey, 512 U.S. 477, 485, 114 S.Ct. 2364, 2372, 129 L.Ed. 2d 383 (1994), instructs that plaintiffs may not pursue damages actions that would, in effect, amount to a declaration that their state-court conviction and sentence, though undisturbed, are invalid.[4] Here, Ms. Brinson’s claim that her probation was improperly revoked due to her inability to pay unlawfully imposed fees is, in essence, an attack on the legality of the custody to which she was subject when she filed her complaint. I would affirm the District Court’s judgment on Count I under Heck. I would affirm the judgment on Count II for the reasons given by the District Court.

. The majority insist that when Ms. Brinson alleges in paragraph 27 of her complaint that "[njeither the Statute nor the form contracts used by this Defendant contain adequate provisions and procedures to prevent incarceration of probations on account of their indigen-cy or to prevent the imprisonment of citizens because of failure to pay a debt,” she invoked rights only under the Georgia Constitution. Ante at 3 n,2. But in the two paragraphs immediately following, paragraphs 28 and 29, she explicitly cites “the Fifth and Fourteenth Amendments to the United States Constitution.” She does not refer to the Georgia Constitution until paragraph 30. Naturally, therefore, I construe Ms. Brinson as invoking rights under both the Georgia and U.S. Constitutions, and I struggle to see how the majority reach their narrower interpretation.

. In Bearden, as in Brinson's case, the indigent made some of the payments and then failed to continue doing so. Id. at 662-63, 103 S.Ct. at 2067.

. Under Georgia law, prisoners may appeal a state trial court's revocation of a probated sentence, and the Georgia Court of Appeal reviews the trial court’s revocation on an abuse-of-discretion standard. Poole v. State, 270 Ga.App. 432, 606 S.E.2d 878, 883 (2004).

.The plaintiff in Heck sought damages under 42 U.S.C. § 1983, alleging, inter alia, that defendant state officials had unreasonably and arbitrarily investigated him and had knowingly destroyed exculpatory evidence. Id. at 477, 114 S.Ct. at 2368. Thus, though he did not explicitly seek habeas relief, establishing the basis for his damages claim would have necessarily demonstrated the invalidity of his conviction. Id. at 482, 114 S.Ct. at 2369.